J-A19017-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: D.E.S. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: D.E.S. | : | No. 1422 MDA 2021 |

Appeal from the Order Entered October 4, 2021
In the Court of Common Pleas of Berks County
Civil Division at No(s): 192-2015-MH

BEFORE: BOWES, J., KING, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY KING, J.:                    **FILED AUGUST 09, 2022**

Appellant, D.E.S., appeals *pro se* from the order entered in the Berks County Court of Common Pleas, denying his petition for restoration of firearms rights. We dismiss the appeal.

The relevant facts and procedural history of this case are as follows:

> In 2015, Appellant filed a counseled application seeking the restoration of his firearm rights. That matter was initially assigned to the Honorable Madelyn S. Fudeman of the Berks County Court of Common Pleas. In that initial application, Appellant challenged the basis for a 2010 involuntary commitment under Section 302 of the Mental Health Procedures Act. That commitment, he argued, was without foundation and now prevents him from possessing a weapon. On September 9, 2015, after a due process hearing, Judge Fudeman denied [Appellant's] request. Appellant failed to appeal from that decision within 30 days as required by the Pennsylvania Rules of Appellate Procedure. As [a] result, the order became final as an adjudication on the merits.

_____

[*] Former Justice specially assigned to the Superior Court.

In 2017, Appellant filed a Petition to Remove Firearm Disability. The matter was subsequently reassigned to the Honorable James M. Lillis of the Berks County Court of Common Pleas. In essence, Appellant raised an identical challenge regarding his 302 commitment, as well as a challenge to his prohibition on the basis that he presents no threat of harm to himself or others. On October 19, 2017, following a due process hearing, Judge Lillis denied Appellant's request to remove his disability. Appellant failed to appeal that decision to the Superior Court within 30 days.

In 2018, Appellant filed yet another application seeking the restoration of his rights/removal of disability, titled "Petition for Restoration of Firearm Rights Pursuant to 18 Pa.C.S.A. § 6105(f)(1) and Petition for Review by Court Pursuant to 18 Pa.C.S.A. § 6111.1(g)(2)." That application again raised nearly identical issues to those initially raised in 2015. On April 26, 2018, after [a] hearing held, Judge Lillis again denied Appellant's request. Appellant timely appealed to the Superior Court, which affirmed Judge Lillis's 2018 decision.

On February 5, 2020, Appellant filed the Petition [at issue] raising substantially identical issues before the Trial Court. … After a series of filings in the case and procedural delays (largely in part due to the COVID-19 pandemic), on September 14, 2021, the Trial Court held a one-day hearing on the Petition (the "Hearing"). Appellant appeared without counsel, in person, together with Christine Sadler, Esq. of the Berks County Solicitor's Office. Andrew J. Lovette, Esq. of the Office of Chief Counsel of the Pennsylvania State Police, participated in the Hearing remotely by Microsoft Teams videoconferencing.

On October 4, 2021, after careful consideration, the Trial Court denied the Petition. On October 28, 2021, Appellant filed a timely Notice of Appeal. On November 4, 2021, the Trial Court [o]rdered Appellant to prepare a concise statement of matters complained of on appeal within 21 days. On November 15, 2021, Appellant filed his Concise Statement[.]

(Trial Court Opinion, 12/29/21, at 1-3) (internal citation omitted).

Preliminarily, a Rule 1925 statement of errors must concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues; issues not included in the Rule 1925 statement are waived on appeal. *In re A.B.*, 63 A.3d 345 (Pa.Super. 2013).

> This Court has considered the question of what constitutes a sufficient [concise] statement on many occasions, and it is well-established that [an a]ppellant's concise statement must properly specify the error to be addressed on appeal. The [concise] statement must be specific enough for the trial court to identify and address the issue an appellant wishes to raise on appeal. Further, this Court may find waiver where a concise statement is too vague. When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. A [c]oncise [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all.

*Id.* at 350 (internal citations omitted).

Instantly, the trial court opined that Appellant did not comply with Rule 1925(b). Specifically, the court stated:

> Following [Appellant's] one-sentence, blanket disagreement with the Trial Court's Order of October 4, 2021, Appellant dedicates the remaining two-and-one-half, single-spaced pages of the Concise Statement to digressive recounting of prior court appearances, complaining of his experience with the courts, again offering written argument on his original 302 commitment in 2010, and lamenting the lack of bravery by the Pennsylvania State Police and Pennsylvania Judicial System.

(*Id.*at 3-4). Consequently, the trial court deemed Appellant's issues waived on appeal. (*Id.* at 5). We agree that Appellant's vague and prolix Rule 1925 statement is insufficient to provide meaningful review. *See In re A.B.,*

***supra***.  Accordingly, we suppress Appellant's brief and dismiss his appeal.[1]

Appeal dismissed.  Case is stricken from the argument list.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/09/2022

---

[1] Further, Appellant provides only one citation to legal authority in his brief. Nevertheless, Appellant does not discuss what legal proposition this case stands for or explain how it pertains to his appeal.  (***See*** Appellant's Brief at 9).  On this ground, we could find waiver as well.  ***See Lackner v. Glosser***, 892 A.2d 21 (Pa.Super 2006) (explaining appellant's arguments must adhere to rules of appellate procedure, and arguments which are not appropriately developed are waived on appeal; arguments not appropriately developed include those where party has failed to cite any authority in support of contention).